PEMBROKE STATIONERY COMPANY v. ROGERS.

No. 2336.   Decided June 20, 1912.   Rehearing Denied August 16,.
1912   (125 Pac. 866).

1. LANDLORD AND TENANT—INJURY TO TENANT'S GOODS—WATER—
LEAKAGES—LANDLORD'S LIABILITY.   Where tenants of different
floors of a building agreed to keep the pipes and water system
on the floors leased by each in repair, the landlord was not
liable for injuries to the goods of the tenant of the lower floor
by water overflowing from the tub, toilet, and water system on
the floor above, in the absence of proof that at the time the
upper floor was leased the system was then either improperly
constructed, or in such a defective condition as to render its
ordinary use injurious to the occupation of the premises below.
(Page 414.)

2. LANDLORD AND TENANT—INJURY TO TENANT'S GOODS—OVERFLOW
FROM WATER FIXTURES—EVIDENCE.   In an action for injuries
to the goods of the tenant of the lower story of a building
by the overflow of water from fixtures in an upper story rented
to another tenant, evidence *held* insufficient to show that the
water system above was improperly constructed, or in such a
defective condition at the time the upper story was rented
as to render its ordinary use injurious to the occupation and
use of the premises below.   (Page 414.)

APPEAL from District Court, Third District; *Hon. F. C.*
*Loofbourow,* Judge.

Action by the Pembroke Stationery Company against Mrs.
M. Rogers.

Judgment for defendant.   Plaintiff appeals.

AFFIRMED.

*W. R. Hutchinson* for appellant.

*Dey, Hoppaugh & Fabian* for respondents.

STRAUP, J.
This is a suit by a tenant against a landlord.   It is founded
on three causes.   The building owned by the landlord con-

sists of two stories. The plaintiff leased and occupied the lower. In each cause of action, it is alleged that the defendant on the second floor maintained a defective bathtub, toilet, and water pipes, and that the water used therein overflowed and leaked to the rooms below occupied by the plaintiff and injured its goods. It was further alleged that the tenants of the defendant on the second floor, with the knowledge and consent of the defendant, used the tub and toilet, and that they negligently permitted water to overflow the tub and toilet, and permitted them to become stopped and clogged, and thereby caused the water to overflow and leak to the rooms below, and that the defendant negligently permitted the tenants to use the tub, toilet, and pipes in a defective condition. The first cause of action is for damages occurring from such alleged causes on the 19th day of July, 1910, the second on the 17th day of January, 1909, and the third on the 15th day of December, 1909. The case was tried to the court and a jury. At the conclusion of the evidence, the court directed a verdict in favor of the defendant. The plaintiff appeals.

The principal assignment of error relates to that ruling. It was made on the ground that the evidence was insufficient to show that the tub, toilet, or pipes were in the alleged defective condition, or to show any negligence on the part of the defendant causing the overflow and damage to the plaintiff's property. The evidence shows that the plaintiff, under the terms of its lease agreed to keep the pipes and water system on the floor leased to it in repair, and to furnish heat to the occupants on the floor above. The tenants on the upper floor agreed, under the terms of their lease, to keep the pipes and water system on that floor in repair. There is much evidence to show that the property of the plaintiff, on different occasions and at about the times alleged in the complaint, was damaged by water either overflowing or leaking from the tub, toilet, or sinks on the second floor, and to the floor below occupied by the plaintiff. But, as correctly ruled by the trial court, there is no substantial evidence that such leakage or overflow was due to defective conditions or

improper constructions of the tub, toilet, sinks, or water system, or to any negligence on the part of the defendant. There is evidence that some of the leakage complained of was due to the negligence of the tenants on the second floor in using the bathtub for an ice chest, and other leakages due to lack of attention to water faucets, and to stoppages of waste pipes and sewer connections. A witness for the plaintiff, a plumber, testified that the style of plumbing on the second floor was old style, out of date, and that the shut-off and ball cock of the toilet were not equipped with the latest patents and improvements, and gave his opinion "that the plumbing (on the second floor) was not in a safe condition." But when questioned concerning it, the only facts testified to by him were that the washers of the faucets and the ball cock were worn and needed repair, and that on one occasion they were repaired and replaced by him. He was asked, and he answered:

"Q. What other repairs, excepting putting on new washers, would it require to keep that toilet and ball cock in proper operation? A. I don't know that there was anything else out of order, excepting putting on new washers. But there is another condition; the tank can wear out. Q. In this instance, with proper use of that toilet, and keeping in proper condition the things, whatever you call them, washers on the ball cock, what possible danger of overflow could arise? A. I don't know of any, only sometimes the tank will spring a leak. Q. You don't know of any? A. Not if the waste pipe was open. Q. So that, so far as this particular arrangement was concerned, on the 14th day of August, 1909, with a proper washer, with proper use of the toilet, so as not to stop up the four-inch waste pipe, it was in reasonably suitable condition for the purpose for which it was intended? A. It was at that time. Q. Now, when you have an opinion of condemning the system, you only mean by that that in these modern days plumbers have furinshed them a more modern toilet system? A. Yes."

The plaintiff and the defendant have no substantial disagreement as to the law. It is in effect conceded by the plain-

tiff that the defendant here is liable only on proof that the tub, toilet, and water system were improperly constructed, or that they, at the time she leased the upper floor to the tenants to whom possession and control were given, and who agreed to do repairs, were in such a defective  **1, 2** condition as to render their ordinary use injurious to the occupation and use of the leased premises by the plaintiff. And that if they then were in a reasonably good repair the defendant would not be liable to the plaintiff for damages resulting from negligence of the tenants of the upper floor in failing to maintain the tub and toilet in repair, or from a negligent use, or for defects originating under the occupancy of such tenants bound to do repairs. We think the evidence does not show a liability within the rule. The conditions with respect to defects testified to by the witnesses for the plaintiff are those only which are incident to ordinary household plumbing and usual repairs, and not to an improper or defective system or appliances.

We think the judgment of the court below ought to be affirmed, with costs. Such is the order.

FRICK, C. J., and McCARTY, J., concur.